UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cindy Heil, *individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b)*,<br><br>Plaintiff,<br>v.<br><br>Medix Staffing Solutions, Inc.,<br><br>Defendant. | Civil Action No.: _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

For this Complaint, Plaintiff, Cindy Heil, individually and on behalf of all others similarly situated, by undersigned counsel, states as follows:

## NATURE OF THE ACTION

1. Defendant, Medix Staffing Solutions, Inc. ("Defendant"), has violated and continues to violate the Fair Labor Standards Act ("FLSA") and Illinois overtime law by failing to pay overtime wages to Plaintiff and similarly situated employees and former employees (the "Collective Action Members") who were not paid overtime wages when they worked more than forty (40) hours per work week.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 1343, and it has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that Defendant is located in this District and a substantial portion of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

4. Plaintiff Cindy Heil ("Plaintiff") is an adult individual residing in Aurora, Colorado.

5. Plaintiff and the Collective Action Members are Defendant's current and former employees who are or were paid on an hourly basis. This definition specifically includes, but is not limited to, "credentialed trainers."

6. At all relevant times, Plaintiff and the Collective Action members were individual employees or former employees who were engaged in commerce as required by 29 U.S.C. §§ 206-207.

7. Defendant is an Illinois business entity with a principal place of business located at 222 S Riverside Plaza, Suite 2120, Chicago, Illinois.

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Collective Action Members.

9. At all relevant times, Defendant has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, Defendant has been an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all relevant times, Defendant has been an enterprise engaged in commerce by providing medical staffing services.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a "credentialed trainer" from approximately January 2016 to May 2017.

13. During the time she was employed by Defendant, Plaintiff performed work at

various locations in Colorado.

14. The employer-employee relationship was created through an employment contract.

15. In her role as a credentialed trainer, Plaintiff's schedule was provided on a monthly, weekly and sometimes daily basis, and was always subject to change.

16. As a credentialed trainer, Plaintiff was not an "exempt employee," because her primary duties were not managerial, she did not have authority to hire or fire other employees, she did not customarily or regularly supervise at least two (2) employees, and she spent nearly all of her time performing non-exempt work such as training doctors and nurses on new medical software.

17. Plaintiff and the Collective Action Members routinely worked or work more than forty (40) hour per week, typically working at least fifty (50) hours.

18. Defendant recorded but did not pay overtime for these employees who worked more than forty (40) hours per week.

19. Plaintiff and the Collective Action Members did not receive a set salary but instead were paid on an hourly basis.

20. Defendant knew or had reason to know that Plaintiff and the Collective Action Members regularly worked more than forty (40) hours per week.

21. Nevertheless, Plaintiff and the Collective Action Members were not paid time-and-a-half for hours worked in excess of forty (40) per week.

22. As non-exempt employees, Plaintiff and the Collective Action members were entitled to be paid overtime for all hours worked in excess of forty (40) in a work week.

23. No exemption excused Defendant from paying Plaintiff and the Collective Action

Members at an overtime rate for hours worked in excess of forty (40) per work week. Defendant therefore knowingly, willfully, or recklessly carried out its illegal practices regarding overtime compensation.

## COLLECTIVE ACTION ALLEGATIONS

24. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants as credentialed trainers or similar positions with different titles, who were non-exempt employees within the meaning of the FLSA and who were not paid overtime for hours worked over forty (40) in a work week during the last three (3) years.

25. Plaintiff and the Collective Action Members worked under the same pay system described in the preceding paragraphs. This pay system failed to pay them overtime wages for their work in excess of forty (40) per work week.

26. The Collective Action Members regularly worked more than forty (40) hours per week without overtime pay. Accordingly, the Collective Action Members were victimized by Defendant's unlawful practices and are similarly situated to Plaintiff.

27. Defendant's failure to pay overtime compensation at the rate required by the FLSA and Illinois overtime law results from generally applicable policies and practices and does not depend on the personal circumstances of the Collective Action Members.

28. Plaintiff's experience is typical of the experience of the Collective Action Members. All Collective Action Members, regardless of their precise job requirements or rates of pay, are entitled to overtime pay for hours worked in excess of forty (40) per work week. The questions of law and fact are therefore common to Plaintiff and the Collective Action Members.

## COUNT I
## FAILURE TO PAY WAGES IN ACCORDANCE WITH
## THE FAIR LABOR STANDARDS ACT

29. Plaintiff incorporates paragraphs 1-28 as if stated fully herein.

30. Pursuant to 29 U.S.C. §§ 206-207, and 215(a)(2), Defendant was obligated to pay Plaintiff and the Collective Action Members at a rate of one and one-half times their normal hourly rate of pay (for all time spent performing compensable work in excess of forty (40) hours per week.

31. Defendant willfully, knowingly, or recklessly failed to pay Plaintiffs and the Collective Action Members overtime wages for actual overtime hours worked.

32. Pursuant to 29 U.S.C. § 216(b), Defendant must reimburse Plaintiffs and the Collective Action Members for the unpaid overtime wages, liquidated, as well as attorney's fees and costs associated with this action.

## COUNT II
## FAILURE TO PAY WAGES IN ACCORDANCE WITH
## ILLINOIS LAW

33. Plaintiffs incorporate paragraphs 1-32 as if stated fully herein.

34. Pursuant to 820 ILCS 105/4a(1), Defendant was obligated to pay Plaintiff and the Collective Action Members at a rate of one and one-half times their normal hourly rate of pay (for all time spent performing compensable work in excess of forty (40) hours per week.

35. Defendant willfully, knowingly, or recklessly failed to pay Plaintiffs and the Collective Action Members overtime wages for actual overtime hours worked.

36. Pursuant to 820 ILCS 105/12(a), Defendant must reimburse Plaintiffs and the Collective Action Members for the unpaid overtime wages, liquidated, as well as attorney's fees and costs associated with this action.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff and the other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

1. Unpaid back-wages for Plaintiff and the Collective Action Members and for liquidated damages equal in amount to the unpaid compensation owed to Plaintiff and the Collective Action Members pursuant to 29 U.S.C. § 216(b) and 820 ILCS 105/12(a);

2. Attorney's fees and the costs of this action pursuant to 29 U.S.C. § 216(b) and 820 ILCS 105/12(a);

3. Pre-judgment and post-judgment interest; and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 6, 2017

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff